Mathew K. Higbee, Esq., SBN 106514
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(714) 617-8325
(714) 597-6729 facsimile
Email: mhigbee@higbeeassociates.com

Attorney for Plaintiff,
AARON C. REED,

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| AARON C. REED, an individual,<br><br>                    Plaintiff,<br><br>v.<br><br>EZELLE INVESTMENT PROPERTIES INC. d/b/a EZELLEINVESTMENTPROPERTIES.COM, an Oregon corporation; GLENN D. EZELLE JR., an individual; DOES 1 through 10 inclusive,<br><br>                    Defendants. | Case No. _____<br><br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Aaron C. Reed, for his Complaint against Ezelle Investment

Properties Inc. d/b/a ezelleinvestmentproperties.com, Glenn D. Ezelle Jr., and

DOES 1 through 10 inclusive, Defendants, alleges as follows:

1

## INTRODUCTION

1.    Aaron C. Reed (hereinafter "Plaintiff"), by counsel, brings this action against Ezelle Investment Properties Inc. d/b/a ezelleinvestmentproperties.com, Glenn D. Ezelle Jr., and DOES 1 thorough 10 inclusive, (hereinafter "Defendants"), with regard to the unlawful use of a copyrighted image owned by Plaintiff.

2.    For the purposes of this Complaint for Damages, unless otherwise indicated, "Defendants" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of the named Defendants.

3.    Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendants" shall mean all named Defendants and all fictitiously named Defendants.

/ / /

## JURISDICTION AND VENUE

4.     This is a civil action seeking damages and injunction relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, whereby the Defendants violated Plaintiff's exclusive rights as copyright owner pursuant to 17 U.S.C. §§ 106 and 106A.

5.     This Court has personal jurisdiction over Defendants because, Defendants conduct business in the state of Oregon, Defendants' acts of infringement complained of herein occurred in the State of Oregon, and Defendants have caused injury to Plaintiff within the State of Oregon.

6.     Venue is proper pursuant to 28 U.S.C. § 1391(b) because, a substantial part of the events giving rise to Plaintiff's claim occurred in this judicial district. Alternatively, venue is also proper pursuant to 28 U.S.C. § 1400(b) because, on information and belief, Defendants' principle place of business is located within this judicial district at 7412 SW Beaverton Hillsdale Highway, #112, Portland, Oregon 97225.

## PARTIES

7.     Plaintiff Aaron C. Reed resides in the city of Sammamish, in the State of Washington and is a professional photographer by trade.

8.     Plaintiff is the sole author and exclusive rights holder to an original image of a Japanese garden (the "Image") pursuant to 17 U.S.C. §§ 101 and 106.

A true and correct copy of Plaintiff's original Image is attached hereto as Exhibit A.

9.      Plaintiff is informed and believes, and thereon alleges, that Defendant Ezelle Properties Inc. ("Defendant Ezelle Properties") is a business entity conducting business in the state of Oregon with its principle place of business at 7412 SW Beaverton Hillsdale Highway, #112, Portland, Oregon 97225.

10.     Plaintiff is informed and believes, and thereon alleges, that Defendant Glenn D. Ezelle Jr. ("Defendant Ezelle") is the owner and president of Defendant Ezelle Properties.

11.     Plaintiff is informed and believes, and thereon alleges, that Defendants conduct business through their publically available commercial website http://www.ezelleinvestmentproperties.com/.

**FACTUAL ALLEGATIONS**

12.     Plaintiff is a professional fine art landscape and nature photographer specializing in large format, gallery quality limited edition prints. Plaintiff distributes each of his images as part of limited edition collections carrying strict production limits between 50 and 200. A piece that has reached its production limit will be retired and never produced again.

13.     A library of Plaintiff's work, including the Image, is available for

4

purchase     by     the     general     public     through     Plaintiff's     website
https://www.aaronreedphotography.com/.

14.     Due to the high quality and limited availability of Plaintiff's works,
Plaintiff routinely sells individual photographs for a premium.

15.     Plaintiff is the sole author of the original Image.

16.     By virtue of his sole authorship, Plaintiff has complete ownership
rights and copyrights to the Image.

17.     Plaintiff has registered the Image with the United States Copyright
Office under registration numbers VAu 1-119-527, with and effective date of
registration of January 30, 2013.

18.     On information and belief, Defendants own and operate the
commercial website http://www.ezelleinvestmentproperties.com/.

19.     On or about June 14, 2017, Plaintiff discovered that Defendants used
the Image as the main picture on the home page of Defendants' commercial
website. A true and correct copy of Defendants' infringing use of Plaintiff's
Image is attached hereto as Exhibit B.

20.     Plaintiff did not consent to authorize, permit, or allow in any manner
the use of the Image by Defendants.

21.     Plaintiff is informed and believes that Defendants used Plaintiff's
copyrighted Image without his permission and that they published, communicated,

posted, publicized and otherwise held out to the public for commercial benefit, the

original and unique Image of Plaintiff without Plaintiff's consent or authority, and

acquired monetary gain and market benefit as a result.

22.     On information and belief, Defendants knew that they did not possess

any rights in the Image and that its use of the Image was unauthorized.

23.     On information and belief, Defendants' use of the Image was

deliberate and willful.

24.     Defendants used the Image to promote the Defendants' website

despite its knowledge that the Image is subject to copyright.

25.     Plaintiff did not consent to the use of his Image for Defendants'

commercial gain.

26.     Plaintiff attempted to amicably settle the matter with Defendants

after informing them of their infringing use. However, after the parties agreed on a

settlement amount, Defendants' counsel rejected a proposed settlement agreement

that contained a standard confidentiality clause as a material term because

Defendants' counsel did not wish to be personally bound by confidentiality

ostensibly on account of an article that Defendants' counsel intended to submit to

California Lawyer magazine. Defendant's counsel apparently believed that

amicable settlement was not prudent, as these types of cases "need more

exposure." A true and correct copy of an email from Defendant's counsel is

attached hereto as Exhibit C.

27.    Because Defendants have refused to agree to the material terms of the proposed agreement, including the confidentiality clause, Plaintiff has been forced to bring the instant action.

## FIRST CAUSE OF ACTION

## COPYRIGHT INFRINGEMENT

### Title 17 of the United States Code

28.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29.    Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Image.

30.    Plaintiff is informed and believes and thereon alleges that the Defendants willfully infringed upon Plaintiff's copyrighted Image in violation of Title 17 of the U.S. Code, in that they used, published, communicated, benefited through, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Image of the Plaintiff without Plaintiff's consent or authority, and acquired monetary gain and market benefit as a result.

31.    As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 pursuant to 17 U.S.C. § 504(c).

32.    As a result of the Defendants' violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendants.

33.    Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

- For statutory damages against Defendants in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c);

- For general and special damages against Defendants according to proof together with interest thereon at the maximum legal rate;

- For costs of litigation and reasonable attorney's fees against Defendants pursuant to 17 U.S.C. § 505;

- For an injunction preventing Defendants from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502; and

- For any other relief the Court deems just and proper.

/ / /

/ / /

/ / /

/ / /

9

Dated: August 31, 2017                    Respectfully submitted,

                                          /s/ Mathew K. Higbee
                                          Mathew K. Higbee, Esq.
                                          Oregon Bar No. 106514
                                          HIGBEE & ASSOCIATES
                                          1504 Brookhollow Dr., Ste 112
                                          Santa Ana, CA 92705-5418
                                          (714) 617-8325
                                          (714) 597-6729 facsimile
                                          *Counsel for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, Aaron C. Reed, hereby demands a trial by jury in the above matter.


Dated: August 31, 2017                    Respectfully submitted,


                                          /s/ Mathew K. Higbee
                                          Mathew K. Higbee, Esq.
                                          Oregon Bar No. 106514
                                          HIGBEE & ASSOCIATES
                                          1504 Brookhollow Dr., Ste 112
                                          Santa Ana, CA 92705-5418
                                          (714) 617-8325
                                          (714) 597-6729 facsimile
                                          *Counsel for Plaintiff*

# Exhibit "A"



# Exhibit "B"



# Exhibit "C"

On Aug 18, 2017, at 9:42 AM, dwtbrown@aol.com wrote:

Hello Naomi-

I am confused.  If your client has no concerns regarding publicity, what could be said "negatively" about him for "enforcing his copyright?"

My client is only moderately interested in publicizing these types of cases and the business model behind them.   Me, much more so, as I believe this matter needs some attention.  I am being and have been completely transparent in all my actions on this and related matters as I know that actions taken today in this type of matter often end up being scrutinized later, under harsher lights.

I have settled a few of these cases, and I am familiar with the criteria used by Federal Court Judges in deciding attorney fees.  I also know how the perception of these cases is evolving in the public mindset, legislatively, and judicially.

I am writing an article for submission to California Lawyer magazine, in collaboration with the my summer intern (who is also Staff Editor at his law school's law review) , and we have nothing to hide.  I do not know if it will be accepted by any publication, but if you would like to have input, I would be pleased to hear your thoughts.  I have found that few cases need more exposure, but some do.  I believe that these cases are of that type.

You might also look up a couple of the consumer websites I have started.  If you are curious I can give you the website addresses.  One was featured on The Today Show a few months ago.  I am proud to have been involved in defending a number of cases in Los Angeles County a few years ago where some attorneys in Los Angeles County were using the American with Disabilities Act to pursue small businesses and obtain a number of settlements against intimidated business owners by over representing their exposure under the ADA, and using the threat of Attorney fees to leverage an onerous settlement.  Every few years a case or cases come up to which I react strongly.

My client's website which you refer to used the image for a few months, on a scroll of many photos where it would appear for a few seconds, on a website where the MOST people who ever visited in one month was 115.  Not a typo, 115 visitors was the most in any month.  In fact, because of the timing of the scroll, very few of the people likely even saw the image.  It was the eighth in a number of images which would appear briefly and then fade to another image.  The price of the homes listed, as you know, is not a factor used in determining the Statutory damages under 17 USC 504.  Further, listing expensive homes does not equal a huge income.  My client wishes that were so, as do most real estate brokers and agents.

If you want confidentiality, I am obliged, in my client's interests to offer a mutual release for no monies.  My client is being pursued by other attorneys in similar matters regarding the same website, and I make this offer in his interests, putting my own and the public interest beneath his.   My client would also give up his rights under California Civil Code Section 17200, and any other remedies.  You are, of course, welcome to simply cash the check for $1000, the agreed amount.

Thank You,
David Brown


-----Original Message-----
From: Naomi Sarega <nsarega@higbeeassociates.com>
To: dwtbrown <dwtbrown@aol.com>

Cc: Evan McMurtrey <emcmurtrey@higbeeassociates.com>; Ali Hassanzadeh
<ahassanzadeh@higbeeassociates.com>
Sent: Thu, Aug 17, 2017 4:41 pm
Subject: Re: Proposed change to Release Rejected- 504000


Hi David,

My name is Naomi Sarega, I am an attorney with the Copyright Division at the Law Firm of
Higbee & Associates. It is our standard practice to include a confidentiality clause in our release
agreements to protect all parties involved. While Mr. Reed is more than happy for the public to
know that he is serious about enforcing his copyright, the only reason your client would be
opposed to a confidentiality agreement would be if he has plans to discuss the matter (potentially
including negative information about Mr. Reed). At this point, for a $1,000 settlement on a
registered image used on a website that lists multi-million dollar homes, the confidentiality clause
is non-negotiable. If you would like to provide me with a valid reason as to why your client is
concerned about the confidentiality clause, I'd be more than happy to discuss it with my client.
Please let me know if you would like to discuss this further.


Thank you,
Naomi

Naomi Sarega
Supervising Attorney
Copyright Division

Law Firm of Higbee & Associates  (http://www.higbeeassociates.com)
1504 Brookhollow Dr., Suite 112, Santa Ana, CA 92705
Phone: (800) 716-1245

This electronic mail message and any attachment is confidential and may also contain privileged attorney-
client information or work product. If you are not the intended recipient, or the person responsible to deliver it to
the intended recipient, you may not use, disseminate, distribute or copy this communication.  If you have
received the message in error, please immediately notify us by reply electronic mail or by telephone and delete this
original message. Thank you very much.